# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MICHAEL STEVEN KNEZEVICH,

    Plaintiff,

v.                                                 CASE NO. 8:18-cv-1589-T-02AEP

UNITED STATES OF AMERICA,

    Defendant.
_____/

## **O R D E R**

This cause comes before the Court on Defendant's Motion to Dismiss (Dkt. 18), which was referred to United States Magistrate Judge Anthony E. Porcelli. The magistrate judge considered the motion and issued a report recommending the motion be granted. Dkt. 34. Thereafter, Plaintiff timely filed objections. Dkt. 39.[1]

## **STANDARD OF REVIEW**

When ruling on a magistrate's report and recommendation, the Court may "accept, reject or modify in whole or in part, the findings or recommendations

---

[1] Plaintiff filed two motions after he filed objections to the report and recommendation: Plaintiff's Motion for Leave to Refile First Amended Complaint (Dkt. 40) and Plaintiff's Motion for Leave to Substitute the Attached First Amended Complaint (Dkt. 43). The Court will consider these motions in this order after addressing the report and recommendation.

made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72(b)(3). If objections are filed, as here, a *de novo* determination is required "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72(b)(3).

## ALLEGATIONS

The facts and claims for relief alleged in the complaint (defamation, intentional infliction of emotional distress, intentional breach of fiduciary duty, and tortious interference with contract or business relations) against each state court Defendant are set forth in great detail in the report and recommendation. Plaintiff, a veteran, went to his scheduled outpatient surgical appointment at the dermatological clinic at the Veteran's Administration (VA) hospital. After conversations with Wendy Relue, a registered nurse, and William Carter, a physician, Plaintiff was taken for a mental health evaluation. Two weeks later, another physician at the VA hospital performed the originally scheduled procedure in addition to other superficial skin removals. Plaintiff does not allege any damages resulting from the surgery.

# OBJECTIONS

## *Removal Jurisdiction*

Plaintiff argues that this federal court does not have jurisdiction to consider his case. He insists that the state court had already entered judgments against Nurse Relue and Dr. Carter before jurisdiction transferred to this Court. Neither the record nor the law support his contention that the state court had jurisdiction if and when it entered judgments.

Federal jurisdiction commences when the defendant files the notice of removal in the federal court. *Fabre v. Bank of Am., N.A.*, 2010 WL 11470602, at *3 (N.D. Ga. May 3, 2010) (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997)); *Hobson v. Bibb Cty. Comm'n*, 2007 WL 9717340, at *5 (N.D. Ala. Oct. 24, 2007) ("A federal court has jurisdiction as soon as the petition of removal is filed with the district court.") (citations omitted). The state court does not lose jurisdiction until a copy of the notice of removal is filed there. *Fabre*, 2010 WL 11470602, at *3 (citation omitted).

Defendants, through the United States Attorney, filed their notice of removal in this Court on July 2, 2018. Dkt. 1. The state court record shows that Plaintiff secured clerk's defaults against Dr. Carter and Nurse Relue on July 23 and 26, 2018, respectively. Dkts. 19-6, 19-8, 19-9, 19-12. On July 30, 2018,

Plaintiff filed proposed final default orders against both Defendants. Dkt. 19-13. Defendants filed a copy of the notice of removal with the state court on August 1, 2018. Dkt. 19. The state court record as of August 1 shows no final default judgments entered. What happened after August 1 is irrelevant because the state court lost jurisdiction on that date.

### *Sovereign Immunity*

Plaintiff takes issue with the Government's conversion of his state law claims for intentional torts to a Federal Tort Claims Act (FTCA) action. Plaintiff complains that the wrongful substitution of the United States prevented him from recovering damages from the individual Defendants.

The FTCA "gives federal district courts exclusive jurisdiction over claims against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of federal employees acting within the scope of their employment." *Levin v. United States*, 568 U.S. 503, 506 (2013) (citing 28 U.S.C. §1346(b)(1)) (internal quotation marks omitted). The Attorney General, in compliance with 28 U.S.C. § 2679(d)(2), certified that Dr. Carter and Nurse Relue were acting within the scope of their employment at the

time the claims arose.[2]  Dkt. 3.  The United States is therefore the proper party Defendant.

Plaintiff questions why he cannot recover for intentional torts as the plaintiff in *Levin* was permitted to do.  Levin, as a veteran and patient of a U.S. Naval Hospital, was permitted to sue his surgeon for battery on the theory that he twice withdrew his consent prior to his failed cataract surgery.  The *Levin* Court determined that the FTCA's intentional tort exception, 28 U.S.C. § 2680(h),[3] was abrogated by the Gonzalez Act.[4]  In so holding, the Supreme Court found no distinguishable difference between the wording of 10 U.S.C. § 1089(e) of the Gonzalez Act, which applies to Navy physicians, and 38 U.S.C. § 7316(f) of the VA statute which confers immunity on medical personnel of the VA for malpractice and negligence suits.  *Levin*, 568 U.S. at 517-18.

---

[2]  Plaintiff contends that the Attorney General's certification may have been "fraudulent."  Dkt. 39 at 6.  Plaintiff, however, cites nothing to substantiate this bold accusation.

[3]  The intentional tort exception preserves sovereign immunity for eleven enumerated torts: assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, and interference with contract rights.  28 U.S.C. § 2680(h).

[4]  "[T]he Gonzalez Act direction in 10 U.S.C. § 1089(e) abrogates the FTCA's intentional tort exception and therefore permits Levin's suit against the United States alleging medical battery by a Navy doctor acting within the scope of his employment."  *Levin*, 568 U.S. at 518.

Plaintiff's claims differ, however, from Levin's. Levin sued for medical malpractice arising from a botched surgery. His medical malpractice claims had been dismissed, and the only vehicle to seek redress for the malpractice was by way of battery. Plaintiff does not claim his medical procedure was negligently performed.[5] Unlike Levin, Plaintiff sues for intentional torts that did not arise out of the performance of medical or related functions.

### *Refusal to Treat*

Plaintiff objects to the magistrate judge's characterization of the facts. He argues the appointment was not "cancelled." He emphasizes that it was not Plaintiff who wanted the treatment postponed, but rather Dr. Carter who intentionally refused to treat him for no medical reason. Plaintiff states he did not intend to be disrespectful, but admits in his allegations that Dr. Carter directed the police be called because Carter felt threatened by Plaintiff. The fact remains that Plaintiff received the precise treatment he requested, albeit not at the precise time he desired.

---

[5] Title 38 U.S.C. § 7316(a)(1) would provide the exclusive remedy for damages for personal injury allegedly arising from malpractice or negligence of a medical care employee of the VA. *Brignac v. United States*, 239 F.Supp.3d 1367, 1376 (N.D. Ga. 2017) (citing and quoting *Cuoco v. Moritsugu*, 222 F. 3d 99, 108 (2d Cir. 2000)) (quotation marks omitted).

### *Intentional Torts Listed in 28 U.S.C. § 2680(h)*

Plaintiff argues that the 17-day wait between his original appointment with Dr. Carter and the date of the procedure with Dr. Sanik was sufficient time for severe mental suffering based on his not knowing whether his prior cancer had metastasized. On the other hand, he claims that the outrageous emotional distress resulted not from his medical condition, but the refusal to treat for no apparent medical reason. Not only are these positions contradictory, but this Court lacks jurisdiction to hear the intentional tort of intentional infliction of emotional distress.

As a final note, Plaintiff finds fault that the magistrate judge's report ignores the extensive amount of time he was confined in the main hospital waiting to talk to the mental health providers and not permitted to leave. This fact, however, does not buttress any of the claims asserted in his complaint, nor does it state a claim.

Having review the objections, the Court makes the *de novo* determination that the magistrate judge's report correctly finds that this Court lacks subject matter jurisdiction to decide the intentional torts of defamation (libel and slander) and tortious interference with a contractual relationship. The Court adopts the report concerning the claims of intentional infliction of emotional distress and intentional breach of fiduciary duty for the reasons stated by the magistrate judge.

**MOTION FOR LEAVE TO AMEND**

Plaintiff argues both in his objections (Dkt. 39) and in his motion to amend (Dkt. 40) that he should be given at least one chance to replead his complaint. He has submitted a proposed amended complaint (Dkt. 44). After reviewing the allegations of the amended complaint, the Court concludes that the amended complaint must be dismissed and any further amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

The amended complaint contains three counts against the United States: intentional breach of fiduciary duty (Count I); defamation (Count II); and intentional infliction of severe emotional distress (Count III). Dkt. 44. The amended complaint contains the following additional allegations. According to Plaintiff, Dr. Carter stated to him, "You appear to be of Mexican descent – where does your last name come from?" Dkt. 44 ¶¶ 38, 66, 108, 122, 152. Plaintiff answered affirmatively. *Id*. As to emotional distress and breach of fiduciary duty, Plaintiff alleges that he became physically sick to his stomach, suffered from irritable bowel syndrome for five weeks, suffered from migraines, lost sleep, and suffered loss of consortium as a result of the actions of Dr. Carter and Nurse Relue. Dkt. 44 ¶¶ 112, 142, 163. He further alleges that he developed suicidal

and homicidal thoughts that continue today.  Dkt. 44 ¶¶ 113, 114, 143, 144, 164, 165.

No matter how many additional facts are added to the complaint, Plaintiff cannot overcome lack of jurisdiction for the intentional tort of defamation.  His amended claim for intentional infliction of severe emotional distress and intentional breach of a fiduciary duty fare no better under the cases cited in the magistrate judge's report.

Accordingly, for the reasons explained in the report and recommendation, and based on a *de novo* determination of the case, Judge Porcelli's report and recommendation (Dkt. 34) is **approved**.

1) Plaintiff's objections (Dkt. 39) are overruled.

2) Defendant's Motion to Dismiss (Dkt. 18) is granted.

3) Plaintiff's Complaint (Dkt. 2) is dismissed.

4) Plaintiff's Motion for Leave to Substitute the Attached First Amended Complaint (Dkt. 43) is granted.  The Refiled First Amended Complaint (Dkt. 44) is hereby substituted for the prior one (Dkt. 41).

5) Plaintiff's Motion for Leave to Refile First Amended Complaint (Dkt. 40) is granted. The Refiled First Amended Complaint (Dkt. 44) is dismissed.[6]

6) The Clerk is directed to terminate any pending motions and deadlines and to close the case.

**DONE AND ORDERED** at Tampa, Florida, on February 6 , 2019.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record
Plaintiff, *pro se*

---

[6] Dismissal of the count for lack of jurisdiction is necessarily without prejudice. *See Dimaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008).